IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMARCUS KENARD JOE, | § | |
| (TDCJ No. 1047716), | § | |
| | § | |
| Petitioner/Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-2374-G-BN |
| | § | |
| PAUL D. STICKNEY, | § | |
| | § | |
| Respondent/Defendant | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This *pro se* action initiated on the form used for filing a habeas application under 28 U.S.C. § 2254 has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior U.S. District Judge A. Joe Fish. The undersigned issues these findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b).

**Applicable Background**

Demarcus Kenard Joe, a frequent litigant in this Court, while initiating this action on a Section 2254 form, neither contemporaneously paid the applicable filing fee nor moved for leave to proceed *in forma pauperis*. This deficiency and an examination of the claims in the form petition, all of which were not limited to claims for habeas relief, prompted the undersigned to issue, on September 8, 2017, a notice of deficiency

and questionnaire to determine the factual basis of this action – which is necessary to determine the most appropriate venue for this action and the appropriate filing fee, if any, to be assessed. *See* Dkt. No. 4. Joe's verified responses to that notice of deficiency and questionnaire were due to be filed no later than October 9, 2017. *See id.* at 1-2 (warning Joe that "[f]ailure to provide answers to all questions may result in the dismissal of the complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)").

It is now almost three months past that deadline and almost four months since Joe filed this action, and he has yet to comply with the Court's order or otherwise contact the Court.

**Legal Standards and Analysis**

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). Under the same rule, a district court also "may *sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). That authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*,

77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

Like all rules in the Federal Rules of Civil Procedure, Rule 41(b) generally applies to habeas proceedings. *See* Rule 12, RULES GOVERNING SECTION 2254 IN THE UNITED STATES DISTRICT COURTS; *see, e.g., Brown v. United States*, Nos. A-11-CA-155 LY & A-04-CR-268 LY, 2011 WL 1899790 (W.D. Tex. May 19, 2011) (dismissing motion the court recharacterized as one under Section 2255 after issuance of *Castro* warnings without prejudice under Rule 41(b), after noting that "[i]t is ... well established that '[a] district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order'" (quoting *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998))).

By not filing verified responses to the Court's notice of deficiency and

-3-

questionnaire, as ordered by the Court, Joe has prevented this action from proceeding, and he therefore has failed to prosecute his lawsuit and obey a court order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Joe decides to comply with the Court's order. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 29, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE